**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

JEROMEE WADE GREENOUGH,

    Petitioner,

v.                                         CASE NO. 8:14-cv-1008-T-30TGW
                                             CRIM. CASE NO. 8:01-cr-432-T-30TGW

UNITED STATES OF AMERICA,

    Respondent.
_____/

**O R D E R**

This cause comes before the Court on Petitioner's Motion to Dismiss Without Prejudice (CV Dkt. 3) which the Court construes as a notice of dismissal of Petitioner's 28 U.S.C. § 2255 motion to vacate sentence, filed pursuant to Fed. R. Civ. P., Rule 41(a)(1)(A)(i).[1]

---

[1] Rule 12 of the Rules Governing § 2255 Proceedings provides that "[t]he Federal Rules of Civil Procedure . . . , to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules."

UPON consideration, the Court **ORDERS** that this action is **DISMISSED** without prejudice pursuant to Fed. R. Civ. P. 41 (a)(1)(A)(i).[2]  The Clerk shall terminate all pending motions and close this case.

**DONE** and **ORDERED** in Tampa, Florida on May 12, 2014.

*[signature]*
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy furnished to:
*Pro Se* Petitioner
AUSA Arthur Lee Bentley, III

---

[2] The dismissal without prejudice does not excuse Petitioner from the one-year period of limitation for raising a habeas corpus petition in federal court.  28 U.S.C. § 2244(d); 28 U.S.C. § 2255(f).  *See also Duncan v. Walker*, 533 U.S. 167, 182 (2001) (holding that "an application for federal habeas corpus review is not an 'application for State post-conviction or other collateral review' within the meaning of 28 U.S.C. § 2244(d)(2).  Section 2244(d)(2) therefore did not toll the limitation period during the pendency of [the] first federal habeas petition.").